1  **MCGUIREWOODS LLP**
Benjamin A. Sitter (SBN 273394)
2  Jamie D. Wells (SBN 290827)
Two Embarcadero Center
3  Suite 1300
San Francisco, CA 94111
4  Telephone: 415.844.9944
Facsimile: 415.844.9922
5
Attorneys for Defendant
6  Santander Consumer USA Inc.

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11
MONICA RODRIGUEZ individually and on      CASE NO.
12  behalf of the general public,
                                          **NOTICE OF REMOVAL OF CIVIL**
13                                         **ACTION PURSUANT TO 28 U.S.C. § 1332**
             Plaintiff,                    **[Diversity Jurisdiction]**
14
       vs.                                 (Removed from Superior Court of California,
15                                         County of Monterey, Case No. 20CV001487)
SANTANDER CONSUMER USA INC. and
16  DOES 1 through 50, inclusive            Complaint Filed: May 27, 2020
                   Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                                          1

**TO ALL ATTORNEYS OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

PLEASE TAKE NOTICE that Santander Consumer USA Inc. ("SC") hereby provides this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, based on diversity of citizenship.  The action is hereby removed to this Court from the State Court, as more particularly set forth below.

**THE STATE COURT ACTION**

1.    On May 27, 2020, Plaintiff Monica Rodriguez ("Plaintiff") commenced an action entitled *Monica Rodriguez v. Santander Consumer USA Inc.* in the Superior Court of the State of California, County of Monterey, Case No. 20CV001487 (the "State Court Action"). A copy of the complaint and all other documents in SC's possession that were filed in the State Court Action are attached hereto as Exhibit A.

**DIVERSITY OF CITIZENSHIP AND VENUE**

2.    This Court has jurisdiction over this case under 28 U.S.C. § 1332 because the citizenship of Plaintiff is entirely diverse from the citizenship of SC, and the amount in controversy exceeds $75,000.  As shown below, Plaintiff is a citizen of California and SC is an Illinois corporation with its principal pace of business in Texas.

    **A.**    **Plaintiff is a Citizen of California.**

3.    SC is informed and believes that at all relevant times, Plaintiff was and is a citizen of the United States and was and is domiciled in California.  Plaintiff has expressly alleged that she is a resident of California.  Compl. ¶ 8 ("At all times relevant herein, Plaintiff was, and currently is, a resident of the State of California."). In *Kanter v. Warner-Lambert Co.*, the Ninth Circuit held that a "person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  265 F.3d 853, 857 (9th Cir. 2001).  Because Plaintiff alleges she is, and at all times relevant to this action was, a resident of California, she is a citizen of California for diversity purposes. Compl. ¶ 8.

///

**B.    SC is a Citizen of Illinois and Texas.**

4.    SC is not a citizen of California. SC is engaged in the business of providing financing to purchasers of automobiles. SC is incorporated in Illinois and its principal place of business is in Texas. Accordingly, SC is a citizen of both Illinois and Texas for diversity purposes and has been at all times relevant, including when the State Court Action was filed and at the time of removal.  *See* 28 U.S.C.A. § 1332 (c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

5.    Therefore, Plaintiff and SC are diverse.

6.    Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1391(b) and 1441(a), because the State Court Action was filed in this District and this is the judicial district in which the action arose

7.    Defendants "Does 1-50" are fictitious defendants whose consent is not required for purposes of removal.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).

## <u>AMOUNT IN CONTROVERSY</u>

8.    Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint."  Schwarzer et al., *Fed. Civ. Proc. Before Trial*, ¶ 2:450 (2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction).

9.    A defendant may remove a suit to a federal court notwithstanding the failure of the plaintiff to plead above the required amount.  In this situation, such as the case at bar, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Evidentiary submissions are only required if plaintiff contests, or the court questions, defendant's allegation after the notice of removal is filed. *Id.* In determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met.  *See Abrego v. Dow Chemical Co.,* 443 F.3d 676, 690 (9th Cir. 2006).

10.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wa. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (superseded by statute on other grounds as stated in *United Food & Commer. Workers Union Local 751 v. Brown Grp.*, 5517 U.S. 544, 557 (1996). "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes, et al. v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-13 (N.D. Cal. 2010); *accord Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010) (where complaint seeks to invalidate a loan secured by a deed of trust, amount in controversy is the loan amount).

11.    Although SC denies that Plaintiff is entitled to recover any amount, and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the allegations stated in the Complaint place in controversy more than $75,000, exclusive of interests and costs.

12.    Plaintiff seeks "an order of restitution in an amount to be determined at trial to restore to Plaintiff all money acquired by [SC] …which amount is at least equal to all sums collected for alleged deficiency balances following the disposition of repossessed motor vehicles." Compl. at Prayer for Relief, ¶ 2. Plaintiff also seeks compensatory damages in an amount to be determined at trial (*id.*, at ¶ 4), statutory damages (*id.*, at ¶ 5), prejudgment interest (*id.*, at ¶ 6), attorneys' fees and costs (*id.*, at ¶ 7), declaratory relief (*id.*, at ¶ 8), and public injunctive relief, which would include, among other things, a waiver of account balances for all California customers that received the same standard NOI form as the one Plaintiff is alleging is defective here. *Id.,* at ¶ 3 (a) – (e).

13.    Specifically, Plaintiff seeks $5,000 for each reporting to the Credit Reporting Agencies after SC sent the Notice of Intent ("NOI") to Plaintiff on February 15, 2019, for a total of at least $37,500 (15 months [February 15, 2019 (the date the NOI was issued) to May 27, 2020 (when the Complaint was filed)]). Compl. ¶ 50 (SC "knew from the time [SC] sent the NOI that Plaintiff would not owe any deficiency balance on her account, due to [SC's] violations of the Rees-Levering Act. However, as to Plaintiff, [SC] reported a deficiency on her credit."); Compl. ¶ 53 (SC's "violations of the Consumer Credit Reporting Agencies Act were willful, entitling

Plaintiff to recover punitive damages of up to $5,000 for each violation…").

14.     Plaintiff also seeks a waiver of her deficiency (*id.*, at ¶ 16), actual damages, "including but not limited to credit damage, court costs, and pain and suffering" (*id.*, at ¶ 51), restitution for payments made to SC (*id.*, at Prayer for Relief, ¶ 2), statutory damages (*id.*, at Prayer for Relief, ¶ 5), prejudgment interest (*id.*, at Prayer for Relief, ¶ 6) and attorney's fees and costs. *Id.*, at Prayer for Relief, ¶ 7. Additionally, the Complaint makes clear that Plaintiff is seeking account waivers for all California customers that received the same standard NOI form as the one Plaintiff is alleging is defective here. *Id.*, at ¶ 3.

15.     Accordingly, the jurisdictional amount needed to establish diversity jurisdiction has been met, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Therefore, the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**THIS NOTICE OF REMOVAL IS TIMELY AND PROPER**

16.     This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b).  SC was served with the summons and Complaint on June 9, 2020.  SC has not appeared in the State Court Action, and SC's time to respond to the Complaint has not expired.

17.     Pursuant to 28 U.S.C. § 1446(a), SC files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will promptly be served on Plaintiff in the State Court Action, and notice thereof will be filed with the Clerk of the Monterey County Superior Court.

WHEREFORE, SC hereby removes Monterey County Superior Court Case No. 20CV001487 to the United States District Court for the Northern District Court of California.

///
///
///
///
///
///

DATED: July 9, 2020

Respectfully Submitted,

MCGUIREWOODS LLP

By:  */s/ Jamie D. Wells*
Jamie D. Wells
Attorneys for Defendant
Santander Consumer USA Inc.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2020, I electronically filed the foregoing document entitled NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [Diversity Jurisdiction] with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

By:_____*/s/ Jamie D. Wells*_____
          Jamie D. Wells

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/09/2020
CT Log Number 537761955

TO: Leticia Salazar, Legal Specialist
SANTANDER CONSUMER USA INC.
1601 ELM ST STE 800
DALLAS, TX 75201-7260

RE: **Process Served in California**

FOR: Santander Consumer USA Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MONICA RODRIGUEZ, ETC., PLTF. vs. SANTANDER CONSUMER USA INC. AND DOES 1 THROUGH 50, ETC., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV001487 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2020 at 10:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2020, Expected Purge Date: 06/14/2020 |
| | Image SOP |
| | Email Notification,  Kelly Shumake  kshumake@santanderconsumerusa.com |
| | Email Notification,  TYRA WATTS  twatts@santanderconsumerusa.com |
| | Email Notification,  Errin Harvey  ejharvey@santanderconsumerusa.com |
| | Email Notification,  Max Martinez  mxmartinez@santanderconsumerusa.com |
| | Email Notification,  FELICIA JAIMES  fjaimes@santanderconsumerusa.com |
| | Email Notification,  Lasasha Ramsey  lramsey@santanderconsumerusa.com |
| | Email Notification,  PAMELA MASSEY  pmassey@santanderconsumerusa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799 |

Page 1 of  2 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
06/09/2020
CT Log Number 537761955

| | |
|---|---|
| **TO:** | Leticia Salazar, Legal Specialist<br>SANTANDER CONSUMER USA INC.<br>1601 ELM ST STE 800<br>DALLAS, TX 75201-7260 |
| **RE:** | **Process Served in California** |
| **FOR:** | Santander Consumer USA Inc.  (Domestic State: IL) |

SouthTeam2@wolterskluwer.com

Page 2 of  2 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JUN 09 2020

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **JM-100** |

**NOTICE TO DEFENDANT:** SANTANDER CONSUMER USA INC. and DOES
*(AVISO AL DEMANDADO):* 1 through 50, inclusive,

§ SS

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED BY**<br>Superior Court of California,<br>County of Monterey<br>On 5/27/2020 10:58 AM<br>By: Christina Flores, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MONICA RODRIGUEZ, individually and on behalf of the
general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>MONTEREY COUNTY SUPERIOR COURT<br>1200 Aguajito Road<br><br>Monterey, CA  93940 | CASE NUMBER:<br>*(Número del Caso)* 20CV001487 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristin Kemnitzer   Bar No. 278946                        (415) 632-1900        (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
42 Miller Ave., 3rd Floor
Mill Valley, CA  94941

| | | | |
|---|---|---|---|
| DATE: 5/27/2020 | Clerk, by | /s/ Christina Flores | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  SANTANDER CONSUMER USA INC

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  JUN 09 2020

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/27/2020 10:58 AM
By: Christina Flores, Deputy

1  KEMNITZER, BARRON & KRIEG, LLP
   KRISTIN KEMNITZER          Bar No. 278946
2  ADAM J. MCNEILE            Bar No. 280296
   42 Miller Ave., 3rd Floor
3  Mill Valley, CA  94941
   Telephone:  (415) 632-1900
4  Facsimile:  (415) 632-1901
   kristin@kbklegal.com
5  adam@kbklegal.com

6  WATSONVILLE LAW CENTER
   ALISON L. BAKER            Bar No. 193601
7  315 Main St., Ste. 207
   Watsonville, CA  95076
8  Telephone:  (831) 722-2845
   Facsimile:  (831) 761-3295
9  abaker@wlc.law

10  Attorneys for Plaintiff MONICA RODRIGUEZ

11

12

13
              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
14
                  IN AND FOR THE COUNTY OF MONTEREY
15

16  MONICA RODRIGUEZ, individually and on        **Case No.20CV001487**
    behalf of the general public,
17                                               **DECLARATION REGARDING VENUE**
                        Plaintiff,
18                                               Unlimited Civil Case
              vs.
19
    SANTANDER CONSUMER USA INC. and
20  DOES 1 through 50, inclusive,

21                      Defendants.
                                            /
22

23        I, KRISTIN KEMNITZER, declare:

24  1.    I am an attorney duly licensed to practice law in all of the courts of the State of

25  California, including the court in which this action is pending.  I am an attorney in the law firm

26  KEMNITZER, BARRON & KRIEG, LLP, attorneys for Plaintiff in this lawsuit.

27  2.    I have personal knowledge of the facts stated herein and am competent to testify thereto.

28  3.    We have selected venue in Monterey County because Plaintiff signed the purchase

1  contract in the County of Monterey.

2       I declare under penalty of perjury under the laws of the State of California that the

3  foregoing is true and correct, and this Declaration is executed on May 27, 2016, at Belvedere,

4  California.

5

6       KRISTIN KEMNITZER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration Regarding Venue

1  KEMNITZER, BARRON & KRIEG, LLP
   KRISTIN KEMNITZER        Bar No. 278946
2  ADAM J. MCNEILE          Bar No. 280296
   42 Miller Ave., 3rd Floor
3  Mill Valley, CA  94941
   Telephone:  (415) 632-1900
4  Facsimile:  (415) 632-1901
   kristin@kbklegal.com
5  adam@kbklegal.com

6  WATSONVILLE LAW CENTER
   ALISON L. BAKER          Bar No. 193601
7  315 Main St., Ste. 207
   Watsonville, CA  95076
8  Telephone:  (831) 722-2845
   Facsimile:  (831) 761-3295
9  abaker@wlc.law

10 Attorneys for Plaintiff MONICA RODRIGUEZ

11

12

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/27/2020 10:58 AM
By: Christina Flores, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| MONICA RODRIGUEZ, individually and on behalf of the general public, | Case No. 20CV001487 |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES FOR:** |
| vs. | |
| SANTANDER CONSUMER USA INC. and DOES 1 through 50, inclusive, | **I.   VIOLATIONS OF THE REES-LEVERING AUTOMOBILE SALES FINANCE ACT, CIVIL CODE §2981, *ET SEQ.*;** |
| Defendants. | **II.  VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788, *ET SEQ.*;** |
| | **III. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CIVIL CODE §1785.1, *ET SEQ.*; AND** |
| | **IV.  VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*** |
| | Unlimited Civil Case |
| | <u>JURY TRIAL DEMANDED</u> |

1

1    **PRELIMINARY STATEMENT**

2    1.    Plaintiff MONICA RODRIGUEZ ("Plaintiff"), on behalf of herself and the

3    general public, and in the public interest, bring this action against Defendants SANTANDER

4    CONSUMER USA INC. ("SANTANDER") and DOES 1 through 50 to address the unlawful,

5    unfair, and deceptive practices of SANTANDER following the repossession of Plaintiff's motor

6    vehicle.

7    2.    The Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.* (the

8    "Rees-Levering Act") sets forth the bright-line rule that if a statutory post-repossession notice

9    (commonly referred to as an "NOI") does not strictly comply with the law, no deficiency balance

10   may be collected. Because SANTANDER's NOI does not comply with the law, SANTANDER's

11   attempts to collect on the alleged deficiency balance from Plaintiff were illegal.

12   3.    SANTANDER's statutory post-repossession notice is a form document. Despite

13   being well aware that its notice does not comply with the law, SANTANDER continues to send

14   the same deficient NOI to members of the general public. SANTANDER is not entitled to a

15   deficiency balance from members of the public to whom it issues such notice or has issued such

16   notice in the past, and Plaintiff is seeking to enjoin Santander from continuing to issue the

17   defective notice or attempt to collect on deficiencies following issuing such notice pursuant to

18   the Unfair Competition Law, Business & Professions Code §17200, *et seq.* (the "UCL"), as set

19   forth in the prayer for relief.

20   4.    A public injunction is appropriate in this case, as SANTANDER has been issuing

21   defective NOI containing the same form violations to California consumers for at least seven

22   years. Santander has been issuing NOI containing the same form violations, as outlined in

23   Paragraph 25, *infra*, since at least 2012.

24   5.    SANTANDER is well aware that its form NOI contains these form violations, yet

25   it continues to issue the same defective form NOI to members of the public. SANTANDER

26   should be enjoined from continuing this unfair and deceptive practice.

27   6.    SANTANDER's attempts to collect from Plaintiff also constitute violations of the

28   Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 *et seq.* (the "Rosenthal Act"),

1    and SANTANDER has violated the California Consumer Credit Reporting Agencies Act, Civil

2    Code §1785.1 *et seq.* (the "CCCRAA") by reporting the non-existent deficiency balance on

3    Plaintiff's credit, despite knowing that it is not entitled to collect on this alleged debt.

4        7.    Plaintiff seeks appropriate relief, including attorneys' fees, costs and expenses.

5                                        **PARTIES**

6        8.    Plaintiff MONICA RODRIGUEZ is an individual over the age of 18 years. At all

7    times relevant herein, Plaintiff was, and currently is, a resident of the State of California.

8        9.    Defendant SANTANDER is an Illinois corporation which, at all times relevant

9    herein, was licensed to do business and was conducting business in the State of California and

10   the County of Monterey. SANTANDER is engaged in the business of providing financing to

11   purchasers of automobiles, and in debt collection on such accounts.

12                                    **DOE DEFENDANTS**

13       10.   DOES 1 through 50 are persons or entities whose true names and capacities are

14   presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff is

15   informed, believes and thereon alleges that each of the fictitiously named Defendants perpetrated

16   some or all of the wrongful acts alleged herein-below, are responsible in some manner for the

17   matters alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of

18   court to amend this Complaint to state the true names and capacities of such fictitiously named

19   Defendants when ascertained.

20                                        **AGENCY**

21       11.   Plaintiff is informed, believes and thereon alleges that at all times mentioned

22   herein each Defendant, whether actually or fictitiously named, was the principal, agent (actual or

23   ostensible), or employee of each other Defendant. In acting as such principal or within the course

24   and scope of such employment or agency, each Defendant took some part in the acts and

25   omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff and to the

26   members of the public for the relief prayed for herein.

27                                **JURISDICTION AND VENUE**

28       12.   This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of

1    California, and SANTANDER is qualified to do business in California and regularly conducts

2    business in California.

3        13.    Venue is proper in the County of Monterey because Plaintiff signed the purchase

4    contract in the County of Monterey.

5                            **OPERATIVE FACTS**

6        14.    Plaintiff purchased a new 2018 Nissan Sentra on March 31, 2018. The dealership

7    arranged financing for the purchase, and assigned the conditional sale contract to SANTANDER

8    (a "RISC").

9        15.    SANTANDER repossessed Plaintiff's vehicle on or around February 15, 2019.

10   SANTANDER mailed Plaintiff a written document dated February 15, 2019, titled "Notice of

11   Intention to Dispose of Motor Vehicle," stating that the vehicle had been repossessed and would

12   be sold unless she redeemed the vehicle by paying the full balance remaining on the loan, or paid

13   a certain amount to reinstate the contract. This document, commonly referred to as an "NOI" is

14   attached hereto as **Exhibit A**. However, the NOI did not contain several of the disclosures

15   mandated by Civil Code §§2983.2(a)(1)-(a)(9).

16       16.    Plaintiff was unable to recover her vehicle. SANTANDER then sold the vehicle

17   and assessed a deficiency balance against Plaintiff and demanded that she pay said deficiency

18   balance to SANTANDER. SANTANDER falsely represented to Plaintiff that she owed a

19   deficiency balance when in fact she did not because of SANTANDER's noncompliance with the

20   Rees-Levering Act.

21       17.    Plaintiff has suffered injury in fact and has lost money or property as a result of

22   the unlawful, unfair, and fraudulent acts and practices of SANTANDER challenged herein.

23       18.    Specifically, as a result of SANTANDER's defective NOI, Plaintiff was not

24   provided the information to which she was entitled in order to recover possession of her vehicle

25   and ultimately lost possession of the vehicle and the equity she had put into it.

26       19.    The amount of the alleged deficiency, reported to the credit reporting agencies by

27   SANTANDER, has also lowered Plaintiff's credit score.

28   //

**The Rees-Levering Act**

20.     A consumer's right to a particularized notice after repossession is established by the provisions of the Rees-Levering Act. The Rees-Levering Act regulates the repossession and disposition of motor vehicles financed under conditional sale contracts in California, and, among other provisions, imposes strict requirements upon holders of conditional sale contracts, such as SANTANDER, following the repossession of a vehicle.

21.     In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller or holder of the contract to issue a detailed NOI to the buyer following repossession. Civil Code §2983.2 specifies the precise information and disclosures that must be included in the NOI in order to comply with the law.

22.     Absent strict compliance with the mandatory requirements for the NOI, a seller or holder may not lawfully collect any deficiency from any person liable under a RISC following disposition of the repossessed vehicle. The Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" only if the notice contains "all" of the disclosures mandated by the statute. Civil Code §2982.2(a) (emphasis added).

23.     The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a RISC after the repossession and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Civil Code §2983.8.

24.     The NOI that SANTANDER issued Plaintiff following the repossession of her vehicle was materially defective and incomplete, and failed to inform Plaintiff of all of her legal rights and obligations.

25.     Specifically, the NOI sent by SANTANDER fails to comply with the strict

5

1    requirements of the Rees-Levering Act for the reasons set forth below.

2       **a.  Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to Redeem the**

3          **Vehicle**

4          Consumers owe deficiency balances only if the NOI "full the indebtedness evidenced by

5    the contract until the expiration of 15 days from the date of giving or mailing the notice and

6    provides an itemization of the contract balance and of any delinquency, collection or

7    repossession costs and fees and sets forth the computation or estimate of the amount of any credit

8    for unearned finance charges or canceled insurance as of the date of the notice." Civil Code

9    §2983.2(a)(1).

10         SANTANDER's NOI fails to comply with the requirements of this section because the

11   NOI fails to set forth an estimate for canceled GAP insurance. Plaintiff had purchased GAP

12   insurance in the amount of $895. SANTANDER was required to estimate the estimated amount

13   of canceled GAP insurance and subtracted that from the amount Plaintiff would have needed to

14   pay to redeem the vehicle.

15      **b.  Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate**

16         **the Contract.**

17         Consumers owe deficiency balances only if the NOI "[s]tates either that there is a

18   conditional right to reinstate the contract until the expiration of 15 days from the date of giving

19   or mailing the notice and all the conditions precedent thereto or that there is no right of

20   reinstatement and provides a statement or reasons therefore." Civil Code §2983.2(a)(2).

21         SANTANDER's NOI fails to comply with the requirements of this section because it

22   fails to state all of the "conditions precedent" to reinstatement.

23              i.    The NOI fails to set forth the date of the next installment payment that will

24                    come due during the reinstatement period. The NOI states that there is a

25                    $399.40 payment, plus a $19.97 late charge, that will come due during the

26                    reinstatement period. However, the NOI fails to set forth the exact date

27                    that those payments come due.  "The creditor must also inform the buyer

28                    regarding any additional monthly payments that will come due before the

                                        6

| | | |
|---|---|---|
| 1 | | cnd of the notice period, as well as of any late fees, or other fees, the |
| 2 | | amount(s) of these additional payments or fees, *and when the additional* |
| 3 | | *sums will become due.*" *Juarez v. Arcadia Fin., Ltd.* (2007) 152 |
| 4 | | Cal.App.4th 889, 905 (emphasis added). The NOI fails to state "*when the* |
| 5 | | *additional* [payment and late charge] *will become due*". |
| 6 | ii. | The NOI sets forth the name and address of the sheriff's department to |
| 7 | | whom $15 must be paid, however, the notice fails to disclose all |
| 8 | | conditions precedent that "any person in possession of the vehicle shall |
| 9 | | not release it to the debtor without first obtaining proof of payment of the |
| 10 | | fee to the sheriff." *See* Government Code §26751. |

11    **c.  Violation of Civil Code §2983.2(a)(3), Regarding the Extension Form.**

12      The NOI fails to provide the required information on the extension form. Civil Code

13 §2983.2(a)(3) requires that the "substance of the form being limited to the extension require,

14 spaces for the requesting party to sign and date the form, and instructions that it must be

15 personally served or sent by certified or registered mail, return receipt requested." Here, the

16 extension form requires Plaintiff to address the extension form and direct it to the correct party,

17 and provide an account number. SANTANDER is required to provide this missing information,

18 not the consumer.

19      26.     The NOI also violates other provisions of Civil Code §2983.2(a) not detailed

20 herein.

21      27.     The defective and improper NOI issued to Plaintiff, which SANTANDER

22 continues to issue to members of the public purportedly pursuant to Civil Code §2983.2, deprives

23 them of the statutorily-mandated notice, and are standard notices sent by SANTANDER as a

24 practice and procedure.

25      28.     Notwithstanding SANTANDER's failure to comply with the mandatory NOI

26 requirements of the Rees-Levering Act, SANTANDER has assessed, demanded, attempted to

27 collect, and collected deficiency balances from borrowers, for which Plaintiff is not liable as a

28 matter of law and which SANTANDER has no legal right to demand or to collect.

29.   SANTANDER has made unlawful collection demands to Plaintiff and has falsely represented to Plaintiff that a deficiency balance is owed

30.   At all relevant times, SANTANDER has had actual and/or constructive knowledge that Plaintiff is not liable for any deficiency balance as a matter of law as a result of its failure to comply with the Rees-Levering Act, but has nevertheless persisted in its unlawful collection activity.

31.   SANTANDER and/or its agents regularly report or communicate to consumer credit reporting organizations that purported deficiencies following disposition of vehicles pursuant to the unlawful practices described herein are valid debts when, in fact, Plaintiff is not liable for deficiencies as a matter of law.

## FIRST CAUSE OF ACTION
**(Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, *et seq.*)**
**(By Plaintiff Against SANTANDER and Applicable DOES)**

32.   Plaintiff realleges and incorporate herein by reference the allegations in each and every paragraph above.

33.   The Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes. The conditional sale contract entered into by Plaintiff is subject to and governed by the provisions of the Rees-Levering Act. SANTANDER is or was a "seller" or "holder" of said contracts as those terms are used in the statute.

34.   SANTANDER has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that the NOI provided to Plaintiff and which continues to be provided to the public, ostensibly pursuant to Civil Code §2983.2(a), does not contain the statutorily-mandated disclosures and information required by Civil Code §2983.2(a). Thus SANTANDER deprived Plaintiff and continues to deprive the public of substantial rights granted them under the Rees-Levering Act, including the right to make an informed decision about whether to redeem/reinstate their contracts. Because SANTANDER has failed to provide Plaintiff and the public with all of the information and disclosures to which they were entitled under Civil Code §2983.2(a), Plaintiff and the public are not liable, under the explicit terms of §§2983.2(a) and

8

1 | 2983.8 of the Rees-Levering Act, for any deficiency following the disposition of their

2 | repossessed motor vehicles. Nevertheless, without any legal right to do so, SANTANDER

3 | maintains that Plaintiff and the public owe it for deficiency balances and has collected or

4 | attempted to collect such deficiency balances.

5 |      35.    As a direct and proximate result of the acts hereinabove alleged and

6 | SANTANDER's ongoing unlawful conduct, Plaintiff has been damaged in an amount to be

7 | proven at trial.

8 |      36.    Plaintiff seeks recovery of their attorneys' fees, costs and expenses incurred in the

9 | filing and prosecution of this action.

10 |      WHEREFORE, Plaintiff prays for relief as set forth below.

11 | **SECOND CAUSE OF ACTION**

12 | **(Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq.*)**
**(By Plaintiff Against SANTANDER and Applicable DOES)**

13 |      37.    Plaintiff realleges and incorporates herein by reference the allegations of each and

14 | every paragraph above.

15 |      38.    The Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and

16 | credit industry. Civil Code §1788.1(b). The California Legislature found that "unfair or

17 | deceptive debt collection practices undermine the public confidence which is essential to the

18 | continued functioning of the banking and credit system and sound extensions of credit to

19 | consumers." Civil Code §1788.1(a)(2).

20 |      39.    SANTANDER at all times relevant herein was a "debt collector" within the

21 | meaning of Civil Code §1788.2(c). SANTANDER, regularly and in the ordinary course of

22 | business, on behalf of itself or others, engages in acts and practices in connection with the

23 | collection of consumer debt. SANTANDER had a non-delegable duty under the Rosenthal Act

24 | not to commit violations of the Act, and not to allow its agents to commit such violations, which

25 | duties SANTANDER itself was prohibited from violating.

26 |      40.    The purported deficiency balance which SANTANDER attempted to collect from

27 | Plaintiff was a "consumer debt" within the meaning of Civil Code §1788.2(f). Plaintiff is a

28 | "debtor" within the meaning of Civil Code §1788.2(h) in that she is a natural person from whom

9

1    SANTANDER sought to collect a consumer debt alleged to be due and owing.

2        41.    SANTANDER attempted to collect a non-existent deficiency balance from

3    Plaintiff by, among other things, conducting collections efforts in-house, reporting the deficiency

4    balance to the credit reporting agencies as valid, and by making demands for payment.

5        42.    SANTANDER made false representations to Plaintiff that she owed a debt, and

6    the amount and legal status of the alleged debt, by sending Plaintiff a standardized form demand

7    letter, in which SANTANDER stated that Plaintiff was "obligated to pay" her alleged deficiency

8    balance, when she was not, and demanded payment on the non-existent deficiency balance. This

9    was a violation of Civil Code §1788.17 (through violation of 15 U.S.C. §1692e, including

10   §1692e(2)).

11       43.    SANTANDER attempted to collect on a debt that is not permitted by law by

12   attempting to collect on a legally non-existent post-repossession deficiency balance.

13   SANTANDER's conduct violated 15 U.S.C. §1692f, including §1692f(1), incorporated into the

14   Rosenthal Act by Civil Code §1788.17.

15       44.    As a proximate result of SANTANDER's violations of the Rosenthal Act,

16   Plaintiff has been damaged in amounts that are subject to proof.

17       45.    Plaintiff is entitled to recover her actual damages pursuant to Civil Code

18   §1788.17, incorporating by reference 15 U.S.C. §1692k(a)(1), or in the alternative, Civil Code

19   §1788.30(a).

20       46.    SANTANDER's violations of the Rosenthal Act were willful and knowing,

21   thereby entitling Plaintiff to recover statutory damages pursuant to Civil Code §1788.17, which

22   incorporates by reference the remedies of 15 U.S.C. §1692k(a)(2)(A), or in the alternative, Civil

23   Code §1788.30(b).

24       47.    Plaintiff is entitled to attorneys' fees and costs pursuant to Civil Code §1788.17,

25   incorporating by reference 15 U.S.C. §1692k(a)(3), or in the alternative, Civil Code §1788.30(c).

26            WHEREFORE, Plaintiff prays for relief as set forth below.

27   //

28   //

10

**THIRD CAUSE OF ACTION**

**(Violation of the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.*)**
**(By Plaintiff Against SANTANDER and Applicable Does)**

48.   Plaintiff realleges and incorporates by reference the allegations set forth above.

49.   SANTANDER violated Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when SANTANDER knew or should know have known the information was incomplete or inaccurate.

50.   SANTANDER knew from the time SANTANDER sent the NOI that Plaintiff would not owe any deficiency balance on her account, due to SANTANDER's violations of the Rees-Levering Act. However, as to Plaintiff, SANTANDER reported a deficiency balance on her credit.

51.   Plaintiff has suffered actual damages as a result of SANTANDER's unlawful acts, including but not limited to credit damage, court costs, and pain and suffering.

52.   SANTANDER's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling Plaintiff to recover actual damages pursuant to Civil Code §1785.31.

53.   SANTANDER's violations of the Consumer Credit Reporting Agencies Act were willful, entitling Plaintiff to recover punitive damages of up to $5,000 for each violation, and any other relief the court deems proper, pursuant to Civil Code §1785.31(a)(1)(B). Plaintiff alleges that each month of unlawful credit reporting consists of a separate and actionable violation under Civil Code §1785.31(a)(1)(B).

54.   Plaintiff has been aggrieved by SANTANDER's violations described herein, and seeks injunctive relief to put an end to said violations pursuant to Civil Code §1785.31(b).

55.   Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Civil Code §1785.31(d).

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Violations of Business & Professions Code §17200, *et seq.*)**
**(By Plaintiff and on Behalf of the Public SANTANDER and Applicable Does)**

56.   Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above.

1  57. Plaintiff files this cause of action individually, and on behalf of the general public,

2 to challenge and to remedy Defendants' business practices. Business & Professions Code

3 §17200, *et seq.*, often referred to as the "Unfair Competition Law," defines unfair competition to

4 include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a

5 court may order injunctive relief and restitution to affected individuals as remedies for any

6 violations of the UCL.

7  58. Beginning on an exact date unknown to Plaintiff, SANTANDER has committed

8 acts of unfair competition proscribed by the UCL, including the practices alleged herein. The

9 acts of unfair competition include the following:

10  (a) SANTANDER violated and continues to violate the provisions of Civil Code

11  §2983.2(a) with respect to Plaintiff and the public by failing to send them NOI that

12  contain the disclosures mandated by that section;

13  (b) SANTANDER breached and continues to breach the terms of its uniform

14  conditional sales contracts with Plaintiff and the public by breaking its twin promises in

15  the RISCs to (1) "provide you all notices required by law to tell you when and how much

16  to pay and/or what action you must take to redeem the vehicle," and (2) "If you break

17  your promises (default), we may demand that you pay all you owe on this contract at

18  once, subject to any right the law gives you to reinstate this contract."

19  (c) SANTANDER negligently misrepresented and continues to misrepresent to

20  Plaintiff and members of the public issued defective NOI that they are obligated to pay

21  deficiency balances;

22  (d) SANTANDER actively concealed and continues to conceal its unlawful activity

23  from Plaintiff and members of the public sent defective NOI;

24  (e) SANTANDER unlawfully, unfairly, and/or fraudulently carried and continues to

25  carry on its accounts records deficiency balances of Plaintiff and members of the public

26  issued NOI as amounts lawfully due and owing;

27  (f) SANTANDER unlawfully, unfairly, and/or fraudulently reported and continues to

28  report to credit reporting agencies the deficiency balances allegedly owed by Plaintiff and

1    members of the public issued defective NOI as amounts lawfully due and owing;

2    (g)     SANTANDER unlawfully, unfairly, and/or fraudulently reported and continues to

3    report to third parties deficiency balances allegedly owed by Plaintiff and members of the

4    public issued defective NOI as amounts lawfully due and owing; and

5    (h)     SANTANDER unlawfully, unfairly, and/or fraudulently collected and continues

6    to collect or attempt to collect deficiency balances from Plaintiff and members of the

7    public sent defective NOI.

8    (i)     SANTANDER unlawfully, unfairly, and/or fraudulently continues to send

9    defective NOI to members of the public.

10   59.     The business acts and practices of SANTANDER as hereinabove alleged

11   constitute unlawful business practices in that, for the reasons set forth above, said acts and

12   practices violate the provisions of the Rees-Levering Act, constitute systematic breaches of

13   contracts and constitute violations of the common law.

14   60.     The business acts and practices of SANTANDER, as hereinabove alleged,

15   constitute unfair business practices in that said acts and practices offend public policy and are

16   substantially injurious to consumers. Said acts and practices have no utility that outweighs the

17   substantial harm to consumers.

18   61.     The business acts and practices of SANTANDER, as hereinabove alleged,

19   constitute fraudulent business practices in that said acts and practices are likely to deceive the

20   public and affected consumers as to their legal rights and obligations, and by use of such

21   deception, may preclude consumers from exercising legal rights to which they are entitled.

22   62.     The unlawful, unfair, and fraudulent business acts and practices of SANTANDER

23   described herein presents a continuing threat to Plaintiff and the public in that SANTANDER is

24   currently engaging in such acts and practices, and will persist and continue to do so unless and

25   until an injunction is issued by this Court.

26   63.     As a direct and proximate result of the acts and practices described herein,

27   SANTANDER has received and collected substantial monies or property to which

28   SANTANDER is not entitled. Plaintiff has suffered injury in fact and has lost money or property

1     as a result of the unlawful, unfair and fraudulent acts and practices of SANTANDER challenged

2     herein.

3         64.    Pursuant to Business and Professions Code § 17203, Plaintiff seeks an injunction

4     to enjoin SANTANDER's unlawful, unfair, and  fraudulent behavior.

5         65.    In addition, pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks

6     recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this

7     action.

8         66.    WHEREFORE, Plaintiff prays for relief as set forth below.

9                            **PRAYER FOR RELIEF**

10    WHEREFORE, Plaintiff respectfully prays for relief as follows:

11  (1)    For an order finding and declaring that SANTANDER's acts and practices as challenged

12         herein are unlawful and unfair;

13  (2)    For an order of restitution in an amount to be determined at trial to restore to Plaintiff all

14         money acquired by SANTANDER by means of their unlawful and unfair practices,

15         which amount is at least equal to all sums collected for alleged deficiency balances

16         following the disposition of repossessed motor vehicles;

17  (3)    For entry of an injunction that SANTANDER do the following:

18         (a)    SANTANDER shall identify the accounts for members of the public who
              received an NOI in the form of **Exhibit A** where a deficiency balance was
19            assessed, and shall change those account records to reflect a zero balance
              on such account;
20

21         (b)    SANTANDER shall not accept any payments from any person who
              received an NOI in the form similar to **Exhibit A**;

22         (c)    SANTANDER shall take all steps necessary to cease all efforts to collect
              the alleged deficiency balances of members of the public who received an
23            NOI in the form of **Exhibit A**. This includes, but is not limited to recalling
              all accounts from outside agencies, recalling all such accounts that have
24            been assigned to legal counsel, and dismissing all pending legal actions to
              collect a deficiency balance on any such account;
25

26         (d)    SANTANDER shall instruct TransUnion, Equifax, and Experian to delete
              all trade lines with respect to accounts of those members of the public who
27            received an NOI in the form of **Exhibit A**; and

28         (e)    SANTANDER shall cease issuing NOI to California consumers in the
              form of **Exhibit A**.

14

1   (4)   For such compensatory damages in an amount to be determined at trial, which amount is

2         at least equal to all sums paid by Plaintiff for alleged deficiency balances following the

3         disposition of repossessed motor vehicles;

4   (5)   For statutory damages;

5   (6)   For prejudgment interest to the extent permitted by law;

6   (7)   For an award of attorneys' fees, costs, and expenses pursuant to Civil Code §1780(e),

7         Civil Code §2983.4, Code of Civil Procedure §1021.5, and any other applicable

8         provisions of law;

9   (8)   For declaratory relief; and

10  (9)   For such other and further relief as the Court may deem just and proper.

11  Dated: May 27, 2020                    KEMNITZER, BARRON, & KRIEG, LLP

12

13                               By:   _____

14                                     KRISTIN KEMNITZER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  May 27, 2020

KEMNITZER, BARRON, & KRIEG, LLP

By:  _____

KRISTIN KEMNITZER

# EXHIBIT A



Santander Consumer USA Inc.
5201 Rufe Snow Dr.
North Richland Hills, TX 76180
(888) 222-4227

## NOTICE OF INTENTION TO DISPOSE OF MOTOR VEHICLE

Date: 02/15/2019

MONICA RODRIGUEZ

Re:  Account No. [REDACTED]51000
Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 03/31/2018
2018 // NISSAN // SENTRA // VIN 3N1AB7AP1JY231955

Dear MONICA RODRIGUEZ:

### Notice of Our Plan To Sell Property

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on 02/15/2019.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back as described below. [The checked box below applies to you.]

☒  Private Sale:  We will sell the Vehicle at private sale sometime after 03/11/2019.  A sale could include a lease or license.

☐  Public Sale:  We will sell the Vehicle beginning on _____ ___ _ ____ by offering it for retail sale or lease to the general public through:

☐  Dealer Name: _____ Dealer Address: _____ You may inspect the Vehicle and encourage people to purchase or lease it.

☐  Advertising it for sale to the general public to be purchased from _____ at _____ ____. You may inspect the Vehicle and encourage people to purchase it.

You have a right to request an extension of this time of ten (10) more days (see Right to Request an Extension of Time below).

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.  You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses.

If you need more information about the sale you may call us at the telephone number shown at the top of this Notice or write to us at the address shown at the top of this Notice.  Our Customer Service Business Hours are as follows: Monday through Friday 7am-7pm CT.

We are sending this Notice to each of the people who owe money under the Agreement, as shown at the top of this Notice, or people who have an interest in the Vehicle and who are not shown at the top of this Notice:
N/A



P.O. Box 961245, Fort Worth, TX 76161 • www.SantanderConsumerUSA.com • 888.222.4227
©2017 Santander Consumer USA Inc. All rights reserved.                    SC-NOI-402_40608.032317

**Reinstatement and Redemption**

You are in default under the Agreement as follows (select applicable provision(s)):

☒ Failure to make payment(s) due under the Agreement.
☐ Failure to keep the Vehicle free from encumbrances and liens.
☐ Failure to keep and maintain insurance on the Vehicle.
☐ Failure to perform other obligations under the Agreement

[Describe]

**Right to Reinstate**

☒ If checked, you have the right to reinstate the Agreement and get back the Vehicle. To reinstate, you must do the following (below) within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement is outside of California). You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you. Your cure of the default must be made to us at our address shown at the top of this Notice.

☒ Pay the Total Amount Now Due

| | | |
|---|---|---|
| Past due payments: | | $798.80 |
| Unpaid late fees: | + | $39.94 |
| Repossession expense: | + | $185.00 |
| Attorney's fees: | + | $0.00 |
| Legal expenses: | + | $0.00 |
| Storage/Admin Fee: | + | $150.00 |
| **Total Amount Now Due**: | = | **$1,173.74** |

☐ Other action needed to cure default

[Describe]

To reinstate your contract, you must pay the following amounts in addition to the Total Amount Now Due, which will come due during the reinstatement period (and, if applicable, extension period):

| | |
|---|---|
| Payment(s) to come due: | $399.40 |
| Each late charge: | $19.97 |
| (If you do not make a payment to come due | |
| within the grace period, you will also be charged | |
| the late charge - see your Agreement for details) | |

Location of Storage:
Name/address:     Salinas
                  20790 Spence Rd
                  Salinas, CA 93908

Fee charged by law enforcement:                    $15.00
Name/address:     SEASIDE POLICE DEPARTMENT
                  440 Harcourt Ave
                  Seaside, CA 93955
                  (831) 899-6748

Other: [describe] _____     _____

The amount needed to reinstate the Agreement will include these amounts, as applicable.



P.O. Box 961245, Fort Worth, TX 76161 · www.SantanderConsumerUSA.com · 888.222.4227
©2017 Santander Consumer USA Inc. All rights reserved.
Page 2 of 4                                    23941-13862     SC-NOI-402_40806 032317
                                                              (Rev. 032317)

**No Right to Reinstate**

☐  If checked, you do not have the right to reinstate the Agreement because [insert statutory reason]

**Right to Redeem**

You have the right to redeem (get back) the Vehicle at any time up until the date we sell the Vehicle, or the date we enter into a contract for its sale, by paying to us at our address shown at the top of this Notice the Total Outstanding Now Due as set forth below (not just the past due payments). This date will be at least 15 days from the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement are outside of California). You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you.

| | | |
|---|---|---|
| Contract balance: | | $16,314.26 |
| Accrued Interest: | + | $638.06 |
| Unpaid late fees: | + | $39.94 |
| Other: [describe] | + | $0.00 |
| Repossession expense: | + | $185.00 |
| Attorney's fees: | + | $0.00 |
| Legal expenses | + | $0.00 |
| Storage/Admin Fee: | + | $150.00 |
| Subtotal: | = | $17,327.26 |
| Less unearned finance charge: | - | $0.00 |
| Less unearned insurance charge: | - | $0.00 |
| Less other: [describe] | - | $0.00 |
| **Total Outstanding Now Due** | = | **$17,327.26** |

To redeem the vehicle, you must also pay the following amounts, in addition to the Total Outstanding Now Due; which will come due during the redemption period (and, if applicable, extension period). You may call us at the telephone number at the top of this notice to confirm the exact amount due on the date you redeem.

Interest on the unpaid principal at the annual percentage rate of 18.07%.

Location of Storage:
Name/address:      Salinas
                         20790 Spence Rd

                         Salinas, CA 93908

Fee charged by law enforcement, if applicable.                    $15.00
Name/address:      SEASIDE POLICE DEPARTMENT
                         440 Harcourt Ave

                         Seaside, CA 93955
                         (831) 899-6748

Other: [describe] _____                _____

**Location of Vehicle**

If you have the right to reinstate and you reinstate the Agreement, or if you redeem the Vehicle it will be returned to you at:

Salinas 20790 Spence Rd  Salinas, CA 93908.



P.O. Box 961245, Fort Worth, TX 76161 · www.SantanderConsumerUSA.com · 888.222.4227
©2017 Santander Consumer USA Inc, All rights reserved.
Page 3 of 4                                            2341613612

SC-NOI-402  40606 032317
(Rev. 032317)

## Written Accounting

We will provide you with a written accounting following sale of the Vehicle. If there is a surplus, it will be paid to you within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from Santander Consumer USA Inc. at the address shown at the top of this Notice within one year of the date of the sale by delivering to us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest, from the date of disposition of the Vehicle to the date of entry of judgment.

Sincerely,

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Santander Consumer USA Inc

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362, 524) regarding the subject matter of this letter, the following applies to you. THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY

SANTANDER CONSUMER USA INC. IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - < cut here > - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Right to Request an Extension of Time

You (the borrower) must either personally serve this Request on us or send it to us by certified or registered mail, return receipt requested, in either case, to the address listed above. If we receive this Request within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this contract is outside of California), we will extend the time to reinstate the contract, if you have that right, or to redeem the vehicle, for 10 days.

To: _____

_____

Your Name _____     Account No. _____

Signature _____     Date _____



P.O. Box 961245, Fort Worth, TX 76161 · www.SantanderConsumerUSA.com · 888.222.4227
©2017 Santander Consumer USA Inc. All rights reserved.
Page 4 of 4                                    234 4613612

SC-NOI-102  40866 032317
(Rev 032317)

| SUPERIOR COURT OF MONTEREY COUNTY<br>Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
| --- | --- |
| **Monica Rodriguez**<br>**vs.** | **CASE NUMBER**<br>**20CV001487** |
| **Santander Consumer USA Inc.** | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Marla O. Anderson- Dept. 14**

**Your case number ending ODD is assigned for all purposes to the Hon. Thomas W. Wills- Dept. 15**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>September 29, 2020</u>        Time:<u>9:00 AM</u>

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**        [Rev. January 2016]
**(Civil)**

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

### There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial?  Many people use processes other than trial to resolve their disputes.  These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

### Advantages of ADR

Here are some potential advantages of using ADR:

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side.  This can be an important advantage where the parties have a relationship to preserve.

- **Increase Satisfaction:** In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants.  Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

### What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute.  The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves.  Mediation leaves control of the outcome with the parties.  The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

CI-127

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve.  So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution.  An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise.  Mediation also may not be effective if one of the parties has a significant advantage in power over the other.  Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding."  Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final.  Generally, there is no right to appeal an arbitrator's decision in binding arbitration.  Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.  The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial.  It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate.  In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law.  Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator."  The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved.  The evaluator is often an expert in the subject matter of the dispute.  Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary.  In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute.  The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  Settlement conferences are appropriate in any case where settlement is an option.  Mandatory settlement conferences are often held close to the date a case is set for trial.